**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| MACHIAS SAVINGS BANK,<br><br>Plaintiff,<br><br>v.<br><br>*F/V MEOW* (O.N. 1324626),<br><br>*her masts, boilers, cables, engines, machinery, bowspirits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fitting, tools, pumps, and her other equipment and supplies,*<br><br>*in rem*, and<br><br>MAD GAFFER CORP. and JEFFREY GREY, *in personam*,<br><br>Defendants. | Civil Action<br>Docket No. _______________ |

**VERIFIED COMPLAINT**

Machias Savings Bank ("Plaintiff") hereby files this Verified Complaint *in rem* against a vessel owned by a delinquent borrower, in order to foreclose and enforce a maritime lien thereon: the *F/V MEOW* (O.N. 1324626), her masts, boilers, cables, engines, machinery, bowspirits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fitting, tools, pumps, and her other equipment and supplies (the "Vessel"). Plaintiff also brings an *in personam* action against the borrower and guarantor. Plaintiff further states as follows:

**JURISDICTION & VENUE**

1. This is a matter within the admiralty and maritime jurisdiction of this Court within the meaning of 28 U.S.C. § 1333, 46 U.S.C. §§ 31301 and 31322 *et seq.* (the "Maritime Lien Act"),

Fed. R. Civ. P. 9(h), and Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental Maritime Rules").

2. Upon information and belief, the Vessel is used in commercial fishing operations out of Southwest Harbor, Maine. The Vessel is now, and during the pendency of this action will be, within the District of Maine, and thus this Court has jurisdiction over the Vessel and venue in this Court is proper.

## PARTIES

3. Plaintiff is a banking institution with a principal place of business in Machias, Maine. Plaintiff provides loans to maritime businesses, often secured by vessels.

4. Defendant *F/V MEOW* (O.N. 1324626), *in rem*, is a commercial fishing vessel that is 46 feet in length.

5. *In personam* Defendant Mad Gaffer Corp. ("Borrower") is a Maine corporation with a mailing address of 174 Kelleytown Road, Bernard, Maine. Borrower is the owner of the Vessel.

6. *In personam* Defendant Jeffrey Grey ("Guarantor") is an individual residing in Bernard, Maine, with a mailing address of 174 Kelleytown Road. On information and belief, Guarantor is the sole shareholder and president of Borrower.

## FACTUAL BACKGROUND

7. On October 3, 2023, Borrower executed and delivered a commercial promissory note to Plaintiff in the original principal amount of $712,528.82 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

8. On the same day, Guarantor executed and delivered a commercial guaranty to Plaintiff, by which Guarantor unconditionally guarantied Borrower's loan obligations to Plaintiff (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit B**.

9. The Note was secured by, among other things, the Vessel, pursuant to that certain First Preferred Ship Mortgage in favor of Plaintiff dated October 4, 2023, and filed on October 11, 2023 with the U.S. Coast Guard National Vessel Documentation Center (the "Registry"), Batch #: 123500400, Doc. ID #: 3 (the "Mortgage"). The Mortgage constitutes a preferred maritime lien on the Vessel pursuant to sections 31301 and 31322 of the Maritime Lien Act. A true and correct copy of the Mortgage is attached hereto as **Exhibit C**.

10. Upon information and belief, Borrower has owned the Vessel since at least October 3, 2023, and operates the Vessel from the port of Southwest Harbor, Maine, for commercial fishing operations.

11. The Note was also secured by the *F/V JAEGER* (ME-5374K), pursuant to a Commercial Security Agreement dated October 3, 2023. A true and correct copy of the Commercial Security Agreement is attached hereto as **Exhibit D**.

12. The JAEGER is a commercial fishing vessel that is 40 feet in length. On information and belief, Borrower owns and operates the JAEGER in tandem with the Vessel. The JAEGER was built in Canada and is ineligible for Coast Guard documentation. It is registered in the State of Maine.

13. On March 28, 2025, with the written consent of Guarantor, Borrower and Plaintiff entered into a modification agreement of the Note (the "Modification Agreement"). A true and correct copy of the Modification Agreement is attached hereto as **Exhibit E**.

14. Borrower failed to make all payments due under the Note and Modification Agreement.

15. In September of 2025, Plaintiff served Borrower and Guarantor with a notice of default and demand for payment of amounts past due.

16. Around December 17, 2025, Plaintiff sent Borrower and Guarantor a notice of acceleration making the entire balance of the Note immediately due and payable. As of December 17, 2025, Borrower was liable to Plaintiff on the Note in the amount of $692,202.91, with interest continuing to accrue at a daily rate of $144.99. Additionally, pursuant to the Note, Mortgage, and Guaranty, Plaintiff is entitled to its reasonable collection costs, including attorneys' fees.

**COUNT I**
**Foreclosure of Maritime Lien**

17. Plaintiff repeats and realleges the foregoing allegations as if set forth fully herein.

18. Plaintiff holds a duly perfected first priority maritime lien against the Vessel to secure the Note.

19. Borrower is in default of the Note.

20. Borrower's default under the Note is a breach of the condition of the Mortgage.

21. The Vessel is liable, *in rem*, to Plaintiff in the amounts set forth in Paragraph 16, plus interest, penalties, other charges/costs, collection costs, and costs *in custodia legis*.

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) issue process of maritime arrest against the Vessel and the JAEGER pursuant to Rules C and E of the Supplemental Rules and the Maritime Lien Act;

(B) enter judgment in favor of Plaintiff in the amounts set forth above, plus interest, penalties, other charges/costs, collection costs, and costs *in custodia legis*;

(C) condemn and sell the Vessel to satisfy the obligations under the Note, Mortgage, and Commercial Security Agreement, and any judgment of this Court; and

(D) grant such other and further relief to Plaintiff as this Court deems just and proper.

**COUNT II**
***In Personam* Action Against Borrower**

22. Plaintiff repeats and realleges the foregoing allegations as if set forth fully herein.

23. Borrower is in default of the Note.

24. Borrower is liable to Plaintiff in the amounts set forth in Paragraph 16, plus interest, penalties, other charges/costs, collection costs, and costs *in custodia legis*.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against Borrower in the amounts set forth above, plus interest, penalties, other charges/costs, collection costs, and costs *in custodia legis*, and for such other and further relief to Plaintiff as this Court deems just and proper.

**COUNT III**
***In Personam* Action Against Guarantor**

25. Plaintiff repeats and realleges the foregoing allegations as if set forth fully herein.

26. Pursuant to the Guaranty, Guarantor is jointly and severally liable for Borrower's loan obligations to Plaintiff under the Note.

27. Accordingly, Guarantor is liable to Plaintiff in the amounts set forth in Paragraph 16, plus interest, penalties, other charges/costs, collection costs, and costs *in custodia legis*.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Guarantor in the amounts set forth above, plus interest, penalties, other charges/costs, collection costs, and costs *in custodia legis*, and for such other and further relief to Plaintiff as this Court deems just and proper.

DATED: March 25, 2026 Respectfully submitted,

*/s/ Oliver Mac Walton*
Christopher L. Brooks
Oliver Mac Walton
**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, Maine 04101-2480
(207) 772-1941
cbrooks@dwmlaw.com
owalton@dwmlaw.com

*Attorneys for Plaintiff Machias Savings Bank*

[*verification page follows*]

**VERIFICATION**

I, Michelle Wood, hereby declare as follows:

1. I am a Commercial Loan Workout Specialist at Machias Savings Bank, where I am responsible for overseeing loans that are in default.

2. I have reviewed the foregoing allegations in the Complaint, and pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the allegations are true and correct based on my personal knowledge, except where stated on information and belief, in which case I believe such allegations to be true.

Dated: March 2, 2026

Michelle Wood
Michelle Wood
Commercial Loan Workout Specialist
Machias Savings Bank